### BALDWIN vs. GRAY.

APPEAL from the court of the first district.

The liability of partners on a contract made in this state, is governed by our laws, not of that, where the partnership was entered into.

A receipt to a debtor *for his part*, extinguishes the obligation *in solido*.

PORTER, J., delivered the opinion of the court. The facts in this case do not appear to be controverted, the only matter disputed is the legal obligations which arise on them.

The plaintiff was agent for the steam-boat Fayette, of which the defendant was part owner. This action is instituted to recover the amount of an appeal bond, given in an action, wherein the owners of this boat were defendants, and also for monies paid for the expenses of the boat while in this port.

It is insisted the defendant is liable *in solido*, because the contract by which he became interested in this vessel, was entered

into at Pittsburg, in the state of Pennsylvania, where the common law prevails.

This law governs the obligation of the partners with each other, but not with third persons.    It can no more affect the rights of those who contract with them in a different country, than particular stipulations between the partners could.    The contract entered into in the case before us, was made in this state, and must be regulated by the *lex loci contractus*.— This is the general rule, and we know of no exception to it, unless the agreement is in respect to land in an other country, or the performance is to be in another state.    A foreigner coming into Louisiana, who was twenty-three years old, could not escape from a contract with one of our citizens, by averring that according to the laws of the country he left, he was not a major until he reached the age of twenty-five.

We think therefore, that the defendant is only liable for his *virile* portion of the monies laid out and expended on the steam-boat Fayette.—*Caroll* vs. *Waters*, 9 *Martin*, 500.

In relation to the appeal bond, it seems to be conceded the defendant is liable *in solido*,

unless there has been a severance of the judgment.

The evidence of this it is contended, is presented by a letter of the plaintiff to the defendant, in the following words :—

                              *New-Orleans, August* 8, 1823.

Mr. J. F. GRAY,

Dear Sir—In consequence of the late judgment here against the Fayette, of which I informed you under date of the 27th ultimo, I have to request you to pay over to Wilkins M'Ilvaine & Co. immediately, $700, being your proportion of the whole amount of debt.

Your early attention to this, is respectfully solicited, because of my having drawn on them for the gross amount.

          (Signed,)                    J. BALDWIN.

Payment of this sum was made as requested, and M'Ilvaine & Co. gave a receipt in full of " Mr. Gray's separate account with Joshua Baldwin, as furnished us as one of the owners of the steam-boat Fayette."

There can be no doubt, that the expressions used in this letter, and the receipt extinguish the obligation which the defendant owed *in solido.* When a receipt is given a co-debtor *for his part,* it is an acknowledg-

ment that he is not bound jointly and several-ly, it being inconsistent that a person should be debtor for a part, and debtor for the whole. *Pothier des Obligations, no.* 277. *Toullier Droit Civil Français, vol.* 6, *liv.* 3, *tit.* 3, *cap.* 4, *no.* 741. *Civil Code* 290, *art.* 111.

The language used in a subsequent letter of the defendant, by which he states, that " Mr. Anderson will pay the balance of the account, and if not, they must", has been relied on as restoring the obligation *in solido*. We think the expression can only be considered as a recognition of the previous obligation by which each were only responsible for a part, and that the parties did not contemplate a new obligation.

There is no foundation for commissions charged on monies paid on the appeal bond, and for costs.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled avoided and reversed, and it is further ordered adjudged and decreed, that the plaintiff do recover of the defendant, the sum of one hundred and eighty dollars, sixty nine cents, with interest from judicial demand.

East'n. District.
*January* 1826.

BALDWIN
*vs.*
GRAY.

the costs in the court below, and that the appellant pay the costs of the appeal.

*M'Caleb* for the plaintiff, *Whittelsey* for the defendant.